IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

March 12, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | No. 01C01-9612-CC-00497 |
| | ) | |
| Appellant | ) | |
| | ) | FRANKLIN COUNTY |
| V. | ) | |
| | ) | |
| SHARON MELTON | ) | |
| | ) | HON. BUDDY D. PERRY, |
| Defendant, | ) | JUDGE |
| | ) | |
| In re CITY BONDING COMPANY, | ) | |
| d/b/a A-1 BONDING COMPANY | ) | (Bond Forfeiture - State Appeal) |
| | ) | |
| Appellee | ) | |
| | ) | |

For the Appellant:

John Knox Walkup
Attorney General and Reporter


Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James Michael Taylor
District Attorney General

Steven M. Blount
Assistant District Attorney
324 Dinah Shore Blvd.
Winchester, TN 37398

For the Appellee:

Jerre M. Hood
124 First Avenue, NW
Winchester, TN 37398
(In trial court)

H. Thomas Parsons
Parsons, Nichols & Johnson
101 West Main Street
Manchester, TN 37355
(On appeal)

OPINION FILED: _____

AFFIRMED

WILLIAM M. BARKER, JUDGE

**OPINION**

The State appeals the order of the Franklin County Circuit Court releasing City Bonding Company, d/b/a A-1 Bonding Company (hereinafter "City Bonding"), from its obligation on the defendant's appearance bond. The sole issue on appeal is whether a surety remains obligated on an appearance bond while the defendant is serving a sentence on Community Corrections. We affirm the judgment of the trial court.

The defendant, Sharon Melton, was indicted in January, 1995, on various drug charges. She posted an appearance bond in the amount of $20,000 in which City Bonding was the named surety. Thereafter, the defendant pled guilty to one count of delivery of a Schedule II controlled substance, a Class C felony, and received a four (4) year sentence to be served in the Community Corrections program. The trial court did not require a post-sentencing bond. In September of 1995, the defendant absconded from Community Corrections supervision.

Upon motion by the State, the trial court entered a conditional forfeiture on the bail bond against the defendant and City Bonding. City Bonding moved to set aside the forfeiture, disclaiming any liability while the defendant was in the Community Corrections program. The trial court, thereafter, ordered the forfeiture to be set aside on the basis that the defendant's guilty plea and subsequent sentence released City Bonding from further obligation on the bail bond.

The State argues on appeal that the defendant's bond remained in effect while the defendant was in Community Corrections. The State relies upon the Community Corrections Act which permits the trial court to retain jurisdiction over a defendant during service of such sentence. See Tenn. Code Ann. §40-36-106(e)(2) (Supp. 1995). Because the trial court may exercise authority over a defendant's sentence while in Community Corrections, the State contends that the bond continued under Tennessee Code Annotated section 40-30-130 (Supp. 1995). That statute provides:

> Where the defendant in a criminal case executes a bond or
> recognizance before any court or other person authorized by law to take

2

the same, for the defendant's personal appearance before a court, to answer a criminal charge, the bond or recognizance shall be valid and binding upon the defendant and the defendant's sureties thereon for the defendant's personal appearance before the court from the time of arrest, preliminary hearing, bind over to the grand jury and trial until the case is finally terminated or stricken from the docket and the defendant discharged by the court. The defendant shall not be required to renew the bond or recognizance unless ordered to do so by the court because of the insufficiency of the bond in amount or the insolvency of the same or on forfeiture of bail, or for other good and sufficient causes; provided that the sureties on the bond may surrender the prisoner and be released on the bond as now provided.

The State contends that the case cannot be considered "finally terminated or stricken from the docket and the defendant discharged by the court" while the trial court retains authority to alter or amend the sentence. Therefore, the State asserts that City Bonding remained liable on the defendant's bond during the Community Corrections period.

City Bonding argues, however, that the surety obligation on a bail bond ends after the entry of a guilty plea and pronouncement of sentence. City Bonding relies upon Tennessee Code Annotated section 40-11-138(b) which provides:

In addition to any other provisions releasing sureties from their obligations, a bail bondsman or surety shall also be released from his obligation under a bail bond upon the disposition of the charge against the surety's principal. A disposition shall include, but shall not be necessarily limited to, conviction, acquittal, a plea of guilty, agreement with the state (whether designated diversion or otherwise), or retirement; provided, that where the disposition is a conviction or plea of guilty, the surety, unless relieved by the court, shall remain liable on the criminal appearance bond until the court renders the defendant's sentence.

In light of that statute, City Bonding contends that the defendant's guilty plea and four (4) year sentence released it from its obligation on the appearance bond.

Initially, we acknowledge that our state legislature has recently amended section 40-11-130 to address the duration of bail bonds after a defendant is placed on Community Corrections. See Tenn. Code Ann. § 40-11-130 (1997).[1] Nevertheless,

---

[1]The amended statute, effective July 1, 1997, no longer contains the "finally terminated or stricken from the docket and discharged by the court" language. See Tenn. Code Ann. §40-11-130 (1997). Instead, subsection (a) of the amended statute mandates that a bond is valid and binding until "the time allowed for by law for the defendant to appeal a finding of guilt to the court of criminal appeals." Moreover, subsection (b) states that a defendant placed on community corrections "shall be required to make a new bond or recognizance" and the new bond "may not terminate until the defendant has

3

for the purposes of this case, we must consider the statutes as they existed at the time of the defendant's trial.

Both section 40-11-130 and section 40-11-138(b) of the Tennessee Code govern the release and duration of bail bonds. The statutes were codified as part of the "Release from Custody and Bail Reform Act of 1978," and both contain terms and requirements for terminating the obligations of sureties. See Tenn. Code Ann. § 40-11-101 (1990). Therefore, to resolve the issue in this case, we must determine whether the statutes can be read together without doing violence to their meaning, and if so, whether they authorized the release of City Bonding from its surety obligation. See State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). We are guided in our analysis by the plain language and meaning of the statutes.[2]

Tennessee Code Annotated section 40-11-130 is entitled "Bond or recognizance; duration." The statute provides that a bail bond is binding from the time of arrest, preliminary hearing, grand jury proceedings and trial, until the case is finally terminated or stricken from the docket and the defendant is discharged by the court. Although the terms "finally terminated" and "discharged by the court" are not defined, the plain meaning of those phrases indicates that a bail bond is binding upon the surety until the final disposition of the defendant's case.

Similarly, Tennessee Code Annotated section 40-11-138(b) is entitled "Bail bondsman or sureties; release of obligations," and it provides that a bondsman shall also be released from liability under a bond upon the disposition of the charge against the defendant. "Disposition" includes, but is not limited to, conviction, acquittal, a plea

_____

completed the period of court-ordered supervision or until the defendant's . . . community correction . . . is revoked."

[2]Whenever possible, legislative intent should be determined from the plain language of the statute, "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." See State v. Spicewood Watershed District, 848 S.W.2d 60, 62 (Tenn. 1993) (citation omitted) (quoting National Gas Distribs. v. State, 804 S.W.2d 66, 67 (Tenn. 1991)). Where a statute is devoid of ambiguity, courts may not depart from the statute's words and are restricted to the natural and ordinary meaning of the statute. See Westland West Community v. Knox County, 948 S.W.2d 281, 282 (Tenn. 1997).

4

of guilty, agreement with the state, or retirement. When a case is disposed of by a conviction or guilty plea, the statute specifies that the bondsman remains liable on the appearance bond "until the court renders the defendant's sentence."

Although section 40-11-138(b) does not define how a defendant's sentence is rendered, our supreme court has previously held that a sentence is rendered when it is officially expressed or announced in a conclusive manner. See Jackson v. Jarrett, 52 S.W.2d 137, 138 (Tenn. 1932). In the case *sub judice*, the sentence was rendered when the trial court entered judgment ordering the defendant to serve four (4) years in Community Corrections.

From our review of the statutes, we find that section 40-11-130 should be read to coincide with section 40-11-138(b). As we stated above, both provisions were codified together as part of the "Release from Custody and Bail Reform Act of 1978." Tenn. Code Ann. §40-11-101 (1990). Moreover, the language of section 40-11-138(b) clearly directs that it is "[i]n addition to any other provisions releasing sureties from their obligations." Therefore, our state legislature intended for the statutes to operate together to govern the duration of bail bonds and the obligations of sureties.

The State concedes that section 40-11-130 should be read together with section 40-11-138(b) to avoid conflict between the statutes. However, the State argues that section 40-11-130 is controlling in this case because the defendant was sentenced to Community Corrections and remained under the authority of the trial court following her guilty plea. The State further contends that section 40-11-138(b) is not applicable here because the defendant was not sentenced to confinement in the Department of Correction.

To support its contention, the State relies upon an opinion by the State Attorney General which addresses the duration of a bail bond after a defendant enters a guilty plea and receives probation. See Op. Att'y. Gen. No. U94-011 (January 13, 1994). The Attorney General opined that a defendant is not discharged by the trial court,

5

within the meaning of section 40-11-130, when he receives a sentence of probation. See id. According to the Attorney General, a bail bond remains in effect during probation because the defendant is required to comply with the terms of probation and to appear before the trial court whenever the court so orders. See id.[3]

The State asserts that a sentence in the Community Corrections program is similar to probation in that the trial court retains authority over the defendant to alter or to amend the respective sentence. Tenn. Code Ann. § 40-36-106(e)(2) (Supp. 1995). Therefore, according to the State, a case is not finally terminated or a defendant is not discharged under section 40-11-130 when the defendant is sentenced to Community Corrections.

We agree that the trial court retains authority to amend or alter a defendant's sentence in the Community Corrections program; however, the State's contention that an appearance bond automatically endures past the rendering of the sentence fails to account for the language in section 40-11-138(b). That provision clearly states that when a sentence is rendered following a guilty plea or conviction, then the surety is released from its obligation under the bail bond. Section 40-11-138(b) makes no distinction between a sentence in the Department of Correction or a sentence in Community Corrections. If the legislature had intended to limit the statute's application to cases where a defendant is sentenced to the Department of Correction following a conviction or guilty plea, then the legislature would have included the appropriate language in the statute. Therefore, to uphold the State's position would effectively undermine the existing language and legislative intent under section 40-11-138(b).

Moreover, absent specific statutory language, we cannot agree that the legislature intended for sureties to remain liable on original appearance bonds from

_____

[3]The Attorney General's opinion relies solely upon Tennessee Code Annotated section 40-11-130 (Supp. 1995). The opinion makes no reference to section 40-11-138(b) and it fails to reconcile the language between that section and section 40-11-130.

6

the time of a defendant's arrest until the completion of the sentence. As the amended language in section 40-11-130 now provides, a defendant who is sentenced to Community Corrections is required to make a new bond or recognizance, unless the trial court executes a written order stating that the original bond is sufficient. <u>See</u> Tenn. Code Ann. § 40-11-130(b) (1997).

In keeping with the language and legislative intent under section 40-11-130 and section 40-11-138(b) (Supp. 1995), we conclude that City Bonding's obligation on the appearance bond did not continue during the defendant's sentence in the Community Corrections program.[4] Upon the trial court's acceptance of defendant's guilty plea and the announcement of the sentence, City Bonding was relieved of its liability on the bond.

Accordingly, the judgment of the trial court is affirmed.

_____
William M. Barker, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Joe G. Riley, Judge

---

[4]Our holding preserves the validity of both statutes and is in keeping with the common-law liability of sureties. <u>See</u> <u>Beasley v. State</u>, 185 S.W. 687, 688 (Tenn. 1916); <u>Suggs v. State</u>, 167 S.W. 122, 123 (Tenn. 1914) (holding that the pronouncement of sentence by the trial court after a conviction exonerates the sureties).